Boardman, J.
The defendant, through Forbes & Fredericks, of Watertown, N. Y., ordered the purchase by plaintiff’s assignor, who resided and did business at Chicago, 111., of 250 barrels of pork. The contract of purchase was made, and the defendant deposited with Forbes & Fredericks $150, as a margin, on the 12th day of June, 1883. On the 19th day of June a further deposit of $150 was made with Forbes & Fredericks upon the claim that the market price of pork had gone down, and the margin must be kept good. On the same day Nichols & Co. (plaintiff’s assignor) sold out defendant’s contract, failed and made a general assignment. This action is brought by the assignee to recover commissions (amounting to $12.50) and advances of $150.
The answer alleges a payment of margins to the amount $300, as above stated, and that the contract so made was illegal and void, under the statute against betting and gaming.
The issues tried and submitted to the jury were:
First. Whether the defendant paid to Nichols & Co. the second $150 June 19, 1883, and, as incidental to that, whether Forbes Sc Fredericks were the agents of Nichols & Co. to receive that $150 for them or him.
Second. Whether at the time when the contract was made, it was the intent of the parties thereto that the property to be bought should be delivered to and accepted by the defendant; or, on the contrary, the contract was amere speculation, based upon the fluctuations of the market, the losing party paying the difference in money at the end of the term of speculation. The jury found a verdict for the defendant, and that the plaintiff had no cause of action. Such verdict could onlv be reached by the jurors under *520 their instructions by determining that the contract in suit was illegal and void under the statutes of this state against betting and gaming. 1 R. S., 662, § 3.
This should relieve us from examining any other question than the application of that statute to the contract, and the sufficiency of the evidence to show a violation of our law in that respect.
A motion for a new trial upon the judge’s minutes was made, as appears by the minutes of the trial, upon exceptions and because the verdict was against the law and evidence, which was denied. This recital in the minutes is the only evidence that such a motion was made, as no order is returned in accordance therewith, nor does it appear, except by the notice of appeal, that any such order was made or entered as the law requires. Without the making and entry of such order the plaintiff is not at liberty to review the decision upon any question of fact.
But waiving such technical defect, we are convinced by a reading of the evidence returned, that Forbes & Fredericks were the agents of Nichols & Co., that they acted as such agents in these dealings with the defendant, and that the two sums of $150 each were paid by defendant to Nichols. As to these questions, and the exceptions taken to the evidence relating to them, is not perhaps important to consider. The jury having found the contract void under our statute, it only remains to be determined whether the rulings of the court permitting such findings were free from just exception.
The learned judge submitted to the jury as a question of fact the intent of the parties to this contract. That was proper. Kingsbury v. Kirwan, 77 N. Y., 612; Yeokes v. Saloman, 11 Hun, 471. There was abundant evidence to justify such submission in the past dealings between the parties and in the direct evidence of defendant and John S. Fredericks. In fact the contract was in violation of our statute beyond’ doubt, and the party who should come to a different conclusion must willfully shut his eyes and abandon his senses. The judgment upon the facts and the merits must then be affirmed unless some rule of law has been violated to the prejudice of the plaintiff upon the trial of the action.
The trial court held that the validity of this contract must be determined by the Laws of New York. We think such ruling was correct. The contract was made in New York. No place for its performance was specified. It might have been performed within the state. There was nothing to forbid. Or it might have been performed in Cincinnati, St. Louis or Omaha. The contract was wholly open as to the place where the purchase was to be made. If, then, the *521 place where the contract was to be carried into effect by the purchase of the pork is of any consequence, of which there may be great doubt, we still think this contract is not for any such reason exempt from the action of our law. It is, therefore, unnecessary to consider the mass of cases cited by appellant’s counsel of contracts made in one state to be performed or enforced in another. This is not such a contract, and the law on that subject, if applicable to such cases as the counsel cites, does not apply here.
It would be strange, indeed, if parties might make a contract void and illegal under our laws and at a later day invoke the aid of our courts to enforce an obligation arising under the void contract. The laws of other states are not in issue.
Again, we think a gambling contract, such as this was, was absolutely void at common law, irrespective of any statute as against public policy. Irwin v. Williar, 110 U. S. Rep., 499, 508, 511, and cases cited; Eviringham v. Meigham, 55 Wis., 354; Flaggy. Baldwin, 38 N. J. Eq., 221. . The system, when applied to the trade in provisions, is in the highest degree vicious, as all will admit. It is not necessary, however, to go to such lengths in holding the contract void, and it may be doubted whether such conclusion could be sustained under the decisions of our courts.
Exception was taken to the answer of witness in these words, “I so understood it.” If the answer was exceptionable in any sense, the fact so shown was abundantly established by other evidence in the case, and is practically admitted. The ground upon which plaintiff’s action must rest, if it has any vitality, is the relation existing between Forbes & Fredericks and Nichols.
But if we are right in the conclusions already stated, it is unnecessary to consider .the exceptions at folio II and elsewhere, to admission of evidence tending to establish a payment of the second $150 as advances. The verdict of the jury has determined that the contract was a gambling contract, and that no action could be maintained upon it for any claim arising out of it to plaintiff’s assignor. The question of performance by the defendant ceases to be a subject of consideration, and any error in the admission or rejection of evidence on that branch of the case could not prejudice the plaintiff or be ground for reversal.
The judgment and order must be affirmed, with costs.
Hardin and Follett, JJ., concur.